FILED
U.S. DISTRICT COURT

2003 SEP 16 PM 3:38

GARY D. MCFARLAND
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AZAM KHAN, | ) | CASE NO. 4:03CV3338 |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT AND |
| vs. | ) | REQUEST FOR |
| | ) | JURY TRIAL |
| RION, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMES NOW**, the Plaintiff, Azam Khan, by and through his attorney, and for his causes of action against the Defendant, states and alleges as follows:

### PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive, and equitable relief; and costs and reasonable attorney fees for religion and national origin discrimination.

### JURISDICTION

2. The Plaintiff's first cause of action arises under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e-2000, et seq. (hereinafter Title VII), and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Plaintiff invokes the pendent jurisdiction of this Court to decide the Second Cause of Action arising under §48-1101, et. seq. of the Nebraska Fair Employment Practices Act (hereinafter "FEPA") (pursuant to *Neb. Rev. Stat.* §48-1119(4)).

3. Jurisdiction over the federal claim is invoked pursuant to 28 U.S.C. § 1331, 1343, 29 U.S.C. § 626 (c), and 42 U.S.C. §2000e-5(f), and the Plaintiffs' requests pendant jurisdiction of State law claims.

4.	Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 2000e-5(g). Compensatory and punitive damages are sought pursuant to 42 U.S.C. § 1981a.

5.	Costs and attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k).

## VENUE

6.	This action properly lies in the District of Nebraska, pursuant to 28 U.S.C. §1391(b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practice was committed in this judicial district.

## ADMINISTRATIVE PREREQUISITES

7.	The plaintiff filed a charge of religion and national origin discrimination against Defendant in December 2000, with the Nebraska Equal Opportunity Commission, which was amended in March 2003.

8.	The charges were filed within 300 days of the discriminatory employment practices described in the charge.

9.	A Notice of Right to Sue was issued and mailed by the Equal Employment Opportunity Commission (EEOC) on or about June 18, 2003 a true and accurate copy of which is attached hereto as Exhibit "A." Said Notice of Right to Sue is based upon a charge timely filed with the EEOC.

10.	Plaintiff has met all administrative prerequisites to filing this lawsuit.

## PARTIES

11.	The Plaintiff is a male, a Pakistani Muslim, and a citizen of the United States and was at all times relevant to this action a resident of Lancaster County, State of Nebraska. Plaintiff was an employee of Defendant, as defined in 42 U.S.C. § 2000e et seq.

12. Defendant Rion LLC, (hereinafter referred to as "Defendant"), is an employer, engages in an industry affecting commerce, and upon information and belief, employs more than 15 employees, and, upon information and belief, is an employer within the meaning of Title VII.

## FACTS

13. Plaintiff was employed by Defendant for approximately three (4) months. When terminated, Plaintiff was employed by Defendant in a delivery position.

14. During his employment with Defendant, Plaintiff was subjected to hostile remarks regarding his national origin and religion.

15. While working with Defendant's employee, Craig, he questioned Plaintiff about where Plaintiff was from and Plaintiff's religion. He then told Plaintiff that "I hope you don't put anything on the doughnuts when we deliver them . . . I hope you don't put any Anthrax on things to poison people."

16. Defendant's employee continued to talk in this manner to Plaintiff during the entire twelve (12) hour shift.

17. Following the foregoing, Defendant's employee also told Plaintiff that "you people are really smart and sneaky and can get things done if you really want to." Defendant's employee then further questioned Plaintiff as to why he was working for Defendant if Plaintiff had a degree in physics.

18. Soon after Plaintiff's employment with Defendant began, Plaintiff injured himself while on the job.

19. At the time of Plaintiff's injury, Plaintiff's manager, Curtis, advised Plaintiff that he could slowly return back into his delivery position when Plaintiff was recovered.

20. When Plaintiff was ready to return to work, Plaintiff's manager did not immediately return Plaintiff to a delivery position, as Defendant had replaced Plaintiff with another employee. It took approximately one (1) month for Plaintiff to get only one (1) shift which involved Plaintiff only sitting in the delivery truck, so he could monitor any pain he suffered.

21. Plaintiff's manager advised Plaintiff that he would not give Plaintiff a full time schedule and that if Plaintiff took a part-time schedule that it would take approximately three to four months before Plaintiff would become full time again.

22. Plaintiff accepted the part-time schedule, and returned to work for Defendant.

23. After returning to work and while on a delivery route, another employee of Defendant, Scott, began asking Plaintiff questions about his national origin and religion. Defendant's employee asked Plaintiff about the events of September 11, 2001, and told Plaintiff that their manager, Curtis, would listen to him is he told him not to keep Plaintiff employed.

24. Plaintiff's manager then asked which days Plaintiff was available to work. Plaintiff informed Defendant that he was not able to work Thursdays.

25. To clarify his availability, Plaintiff faxed his manager a proposed work schedule on or about April 25, 2002. Hearing nothing from his manager, Plaintiff also tried to contact his manager by telephone, but was unsuccessful.

26. When Plaintiff went into work the next day, Defendant's shift manager advised Plaintiff that he was terminated for being a "no call/no show" on Thursday, April 25, 2002. Defendant knew that Plaintiff could not work on Thursdays.

27. The reasons given by the Defendant for the termination of Plaintiff's employment are mere pretext to mask discriminatory animus.

28. The plaintiff's work performance was satisfactory throughout the relevant times.

4

## FIRST CAUSE OF ACTION

29. The plaintiff incorporates herein as though fully set out, the allegations contained in paragraphs one through twenty-eight.

30. As a result of the Defendant's aforesaid actions, the Defendant has willfully discriminated against the Plaintiff because of his religion and national origin, with respect to his compensation, terms, conditions, and privileges of employment opportunities, and to otherwise adversely affect his employment status because of his religion and national origin

31. The willful discriminatory actions by the Defendant against the Plaintiff are in violation of Title VII of the Civil Rights Act of 1964, as amended.

32. As a direct and proximate result of the Defendant's unlawful discrimination against Plaintiff, Plaintiff has suffered and continues to suffer, lost wages and lost benefits in an amount to be determined at the time of trial.

33. As a further direct and proximate result of the Defendant's violations of Title VII, Plaintiff has suffered and continues to suffer undue hardship, great emotional distress, humiliation, inconvenience, and loss of enjoyment of life.

## SECOND CAUSE OF ACTION

34. Plaintiff incorporates herein as if fully set forth herein, the allegations contained in paragraphs one through thirty-three.

35. During his employment, the Plaintiff has been subjected to different standards of employment than his co-workers and terminated from his employment based upon his religion and national origin, which constitutes a violation of FEPA.

36. As a direct and proximate result of the Defendant's violations of FEPA, Plaintiff has suffered, and continues to suffer, economic loss (e.g. loss of wages and benefits), substantial inconvenience, pain and suffering, emotional distress, embarrassment, and loss of enjoyment of life.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully requests this Court to issue a judgment:

a) Declaring the acts of the Defendant hereinbefore alleged violated statutory rights guaranteed to the Plaintiff;

b) Enjoining the Defendant from further actions of discrimination;

c) Awarding Plaintiff's reinstatement to the same or similar position with the Defendants, with full backpay and all related employment benefits that the Plaintiff would have had, had he not been discriminated against; or in lieu of reinstatement, awarding Plaintiff reasonable front pay;

d) Awarding the Plaintiff back pay and lost benefits

e) Awarding general compensatory damages against the Defendant in an amount to be determined by a jury;

f) Awarding attorney fees and costs pursuant to state and federal statutory law; and

g) Awarding such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

The plaintiff requests that a jury trial be held in Lincoln, Nebraska.

AZAM KHAN, Plaintiff,

By: *[signature]*
Ruth A. Laukka #20617
Polsky, Shiffermiller & Coe
3901 Normal Boulevard, Suite 102
Lincoln, NE 68506
(402) 484-7700

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Azam Khan<br>1121 W C St, #303<br>Lincoln, NE 68522 | From: | Equal Employment Opportunity Commission<br>303 E. 17th Ave., Suite 510<br>Denver, Colorado 80203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL *(29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2003-00208 | Ronald Houser, S&L Coordinator | (303) 866-1340 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Francisco J. Flores, Jr., District Director

JUN 1 8 2003 *(Date Mailed)*

Enclosure(s)

cc: **Krispy Kreme Doughnut Corporation**
2715 S. 120th Street
Omaha, NE 68144

EXHIBIT A